UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALANNA RODRIQUEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:25-cv-03297 (UNA) |
| v. ) | |
| ) | |
| CHARLES SPANN & THE ) | |
| RINCON FAMILY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint, ECF No. 1, and Application for Leave to Proceed *in forma pauperis*, ECF No. 2. The Court grants the *in forma pauperis* Application, and for the reasons explained below, it dismisses this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), by which the Court is required to dismiss a case "at any time" if it determines that the action is frivolous.

As background, "[a] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff, a resident of Georgia, sues an individual and his family, all of whom are located in Tennessee, another individual located in California, the Buffalo New York Police Department, and a Vice President of the United States. *See* Compl. at 1–3. The Complaint is comprised of a rambling collection of anecdotes regarding Plaintiff's life, from April 2020 to date, strung together

by Plaintiff's belief in an alleged conspiracy to "control" her and to use her person to create a "chatbot of some sort of AI." *See generally id*.  More specifically, she alleges that Defendants, music corporations, celebrities, and politicians, led by her co-worker and former suitor, remotely "programmed" her to the benefit of the Democratic Party, and thereafter began replicating her behavior and movements, hacked her devices, placed voices in her head, stalked her across several states and installed cameras nearly everywhere she went, assaulted her, "tracked [her] on a global scale," and she further alleges that Vice President Harris subjected her to "mockery" on national television and that President Obama sent her "subliminal messages." *See id.* at 10–13, 16–19, 21 23.  She seeks $1 billion in damages and assorted equitable relief, and she demands various songwriting credits.  *See id.* at 24.

As here, the Court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").  Consequently, a Court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08.  The instant complaint falls squarely into this category.  In addition to failing to state a claim for relief or establish this Court's jurisdiction or entitlement to relief, the complaint is frivolous on its face.

Consequently, this case is dismissed without prejudice. Plaintiff's Motion to Proceed *pro se*, ECF No. 3, and Request for Subpoenas to Issue, ECF No. 4, are denied as moot. A separate Order accompanies this Memorandum Opinion.

Date: January 2, 2026

/s/_____
ANA C. REYES
United States District Judge